Filed 1/4/21  P. v. Quinonez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>EDWIN ALEXANDER QUINONEZ,<br><br>     Defendant and Appellant. | G058711<br><br>(Super. Ct. No. 19NF1555)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Megan Wagner, Judge.  Affirmed.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Edwin Alexander Quinonez was charged with two felonies:  one count of violating Vehicle Code section 10851, subdivision (a), and one count of violating Penal Code section 496d, subdivision (a).  These charges were filed in the alternative and the jury was instructed to that effect via CALCRIM No. 3516.

Pursuant to Proposition 47, "a violation of [Vehicle Code] section 10851 must be punished as a misdemeanor theft offense if the vehicle is worth $950 or less." (*People v. Bullard* (2020) 9 Cal.5th 94, 110.)  Penal Code section 496d contains no such value restriction.

The jury acquitted defendant of count 1 (the Vehicle Code section 10851 charge) but convicted him of count 2 (the Penal Code section 496d violation).  The trial court thereafter sentenced him to 16 months in the county jail to be followed by two years eight months of mandatory supervision.  Quinonez appeals from that judgment.

We appointed counsel to represent defendant on appeal.  In conducting his analysis of potential appellate issues, appointed counsel informed us in his declaration that he had reviewed the entire record and consulted with staff counsel at Appellate Defenders, Inc.  Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.  While not arguing against defendant, counsel set forth the facts of the case and advised us he was unable to find an issue to argue on defendant's behalf.  Defendant was given the opportunity to file written argument on his own behalf; he has not done so.

## FACTS

Applying our required standard of review, we set forth the facts "in the light most favorable to the judgment . . . ." (*People v. Johnson* (1980) 26 Cal.3d 557, 578).

In March 2019, Petra A. purchased a 1998 Honda CRV she found through an online posting for approximately $2,500.

In June 2019, Petra A. parked the vehicle on the street near her apartment. Two days later, her husband discovered the vehicle was missing. The next day a California Highway Patrol investigator located the vehicle near a park in Anaheim. He observed appellant enter the Honda. Quinonez soon exited the vehicle with a backpack. He then moved around to the passenger side of the vehicle and removed several additional bags. Quinonez thereafter walked to a nearby storage facility where he was arrested. A single well used, but not shaved, key was found in the top pocket of the backpack Quinonez was carrying. The investigator later used that key to start the vehicle.

At trial, the CHP investigator, over appellant's objection and relying largely on the Kelly Blue Book's estimated value for the Honda, opined that the vehicle was worth "well over $950" when it was stolen. The investigator testified the Kelly Blue Book value for the vehicle ranged between $1,900 and $3,000.

Petra A. testified she paid $2,500 for the Honda three months earlier, and the vehicle had no major mechanical problems. Her testimony was impeached by defense evidence which indicated she filed a document with the Department of Motor Vehicles indicating she paid only $500 for the Honda.

The jury found Quinonez not guilty of count 1 (the Vehicle Code section 10851 violation); the jury convicted him of count 2 (the Penal Code section 496d violation).

3

Following the *Wende* requirements, we have reviewed appointed counsel's brief and independently evaluated the entire appellate record. We are also mindful of the fact that counsel requested that we evaluate these three potential issues:

1) "Was sufficient evidence presented as a matter of law to prove appellant had knowledge the Honda CRV was stolen?"

2) "Did the prosecution introduce sufficient evidence to prove appellant had a prior felony conviction for violating Vehicle Code section 10851?"

3) "Was it error to instruct the jury with CALCRIM 376 because there was not sufficient corroborating evidence?"

After concluding our review, like counsel, we have not found an arguable issue on appeal.

First, whether Quinonez knew the Honda was stolen when the CHP investigator observed him enter the vehicle three days after it was stolen presented a question of fact which the jury resolved against appellant after receiving proper instruction related to that issue. We find no error.

Second, the prosecutor proved up appellant's prior Vehicle Code section 10851 conviction via the introduction of certified documents which indicate that Quinonez was convicted of a felony violation of Vehicle Code section 10851, subdivision (a) in Orange County Superior Court case number 04CF2784. There was no error.

Next, CALCRIM No. 376 seems particularly well-suited to the facts of this case. Use of a similar instruction has been approved by our colleagues in cases involving receiving stolen property (e.g., *People v. Anderson* (1989) 210 Cal.App.3d 414, 424). Given these facts, the trial court did not err in giving this instruction.

Finally, we have considered whether the court erred in allowing the CHP investigator to opine on the value of the Honda at the time it was stolen using the

4

vehicle's Kelly Blue Book value as at least a partial basis for his opinion.  We believe this was likely not error, but we need not resolve the issue because, even if it was, any error was harmless under any standard of review.

As discussed above, count 1, the Vehicle Code section 10851 violation, contains a specific value element:  the stolen vehicle must have been worth more than $950 when it was stolen for that theft to constitute a felony.  Count 2, on the other hand, the Penal Code section 496d violation, has no such value element.  That means evidence which related to the Honda's value was relevant only as to count 1.  Quinonez was acquitted of that count.  The Kelly Blue Book evidence had no application to count 2.  Its admission, even if improper, therefore could not have prejudiced appellant.

## DISPOSITION

The judgment is affirmed.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.